■ GIUSEPPE COLELLA, Also Known as JOSEPH COLELLA, Respondent, v. AGNES MAHONEY, Appellant.— In an action to foreclose second and third mortgages on real property, defendant appeals from an order of the Supreme Court, Kings County, dated August 8, 1972, which granted plaintiff's motion for summary judgment. Order modified by adding to the decretal paragraph thereof, immediately after the words that the motion " is hereby granted", the following: " as to the second mortgage and denied as to the third mortgage." As so modified, order affirmed, without costs. The fifth affirmative defense alleges an agreement by plaintiff to refrain from foreclosing the third mortgage under the circumstances pleaded. The matter pleaded is a sufficient defense in law, as a matter of mere pleading (see *Potter* v. *Thomashow,* 271 App. Div. 878). Since no reply was permitted, the matter pleaded is deemed denied (CPLR 3011; 3018). The allegations in question were supported by evidentiary matter. There thus exists a material and triable issue of fact, which bars plaintiff from summary judgment as to the third mortgage. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ JAMES H. DE GRAFFENREIDT, Respondent, v. NEIGHBORHOOD HEALTH CENTER OF THE PROVIDENT CLINICAL SOCIETY, INC., Appellant.— In an action to recover damages for wrongful discharge, defendant appeals from a judgment of the Supreme Court, Queens County, entered November 2, 1972, in favor of plaintiff, upon a jury verdict of $5,000. Judgment modified, on the law, by reducing the verdict to $3,160.76 and reducing the total recovery accordingly. As so modified, judgment affirmed, without costs, and case remanded to the trial court for entry of an amended judgment in accordance with this decision. In our opinion, sufficient evidence was adduced at the trial to justify the jury's finding that plaintiff was wrongfully discharged by the defendant not-for-profit corporation. However, the evidence also reveals that under the Personnel Procedures Practices to which both parties subscribed, defendant had an absolute right to terminate plaintiff's employment on four weeks' notice. Thus, the trial court erred in charging the jury *inter alia* that it could assess damages for plaintiff's 11 weeks of unemployment after the discharge ($4,072.09), plus the difference between his salary under his agreement with defendant and the subsequent salary earned by him as an employee of the Urban League ($5,743.78). The rule is well established that a party who maintains an action for wrongful discharge under a contract of employment which contains a right of termination is limited to the salary to which he would have been entitled had notice of termination been given (*Burg* v. *ARCS Ind.,* 36 A D 2d 695; 56 C. J. S., Master and Servant, § 58). Since plaintiff was earning $19,250 a year at the time of his discharge as defendant's director of fiscal affairs, the maximum severance pay to which we deem he is entitled is four weeks' salary, $1,480.76. We also conclude, from plaintiff's undisputed testimony, that he is further entitled to $1,680 for accrued vacation and compensatory time. Thus, plaintiff is entitled to a total of $3,160.76. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.