■ In the Matter of MARALINE MURPHY et al., Appellants. GALLAGHER BROTHERS SAND AND GRAVEL CORP. et al., Respondents.—In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of two closely held corporations, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Berman, J.), entered April 11, 1984, which, after a nonjury trial, *inter alia,* dismissed the petition.

Judgment affirmed, with costs.

The respondent corporations were founded by three men in the 1930's. All three founders have since died, but ownership of the stock has remained in the hands of members of their families. The petitioners, two of whom are married to each other, all inherited their stock from their fathers, and collectively hold approximately 25% of the outstanding shares.

The petitioners have rejected an offer to sell their interests in the businesses to the other shareholders and/or the corpo-

rations, and have instituted this proceeding to dissolve the two concerns.

In relevant part, Business Corporation Law § 1104-a provides that:

"(a) The holders of twenty percent or more of all outstanding shares of a corporation, other than a corporation registered as an investment company under an act of congress entitled 'Investment Company Act of 1940', no shares of which are listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association, who are entitled to vote in an election of directors may present a petition of dissolution on one or more of the following grounds:

"(1) The directors of those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders;

"(2) The property or assets of the corporation are being looted, wasted, or diverted for non-corporate purposes by its directors, officers or those in control of the corporation".

The petitioners alleged that those in control of the respondent corporations have been guilty of illegal, fraudulent and oppressive actions toward them and have wasted and diverted the corporations' assets for noncorporate purposes. As examples of oppressive and illegal conduct, the petition alleges, *inter alia,* that information about the corporations' operations was withheld from them, that the financial statements were received late and failed to accurately state the value of the corporations' assets, that the petitioners were prevented from exercising their right to purchase additional stock in the corporations, and that the corporations have failed to pay dividends or have paid less than adequate dividends. A review of the record reveals that the petitioners failed to establish any of these allegations.

The petitioners testified that the officers and directors of the corporations did not respond to the questions the petitioners asked of them at shareholders' meetings, and otherwise ignored them. In reality, though, the officers and directors merely instructed the petitioners to put their questions in writing. The petitioners admitted they never submitted any written requests for information.

The testimony pertaining to the late receipt of the financial statements demonstrates that the petitioners misapprehended the significance on the dates of the accountant's cover letters

to the reports. The date on each of the letters was the date the accountant completed his field work in order to prepare a financial report, not the date each statement itself was completed. Thus, the statements were distributed to the shareholders within a reasonable time.

With respect to the contents of the financial statements, the petitioners objected to the failure to show assets at market value and to disclose expenses such as officers' salaries. The petitioners' own expert, however, conceded that pursuant to generally accepted accounting principles, it is proper to value assets at other than market value, and that there is no requirement that officers' salaries appear on a financial statement.

No evidence was submitted in support of the claim that those in control of the corporation prevented the petitioners from purchasing other shareholders' stock, save testimony that one of the petitioners may have offered to buy stock from her sisters.

As to the allegation that the corporations did not pay dividends, the record discloses that the petitioners themselves opposed the payment of dividends, and did not seek them.

Accordingly, we find that the petitioners have not shown illegal or oppressive conduct within the meaning of Business Corporation Law § 1104-a (a) (1). Nor have they demonstrated a waste or diversion of corporate assets so as to justify dissolution pursuant to section 1104-a (b) (2).

The petitioners claim that those in control of the corporation receive excessive salaries and perquisites. We note, though, that the officers and directors draw only one salary for managing six corporations, and agree with the trial court's finding that the petitioners did not show that the salaries and perquisites were not reasonable. We further concur with the finding that there was no evidence to support the petitioners' allegation that the majority shareholders' children were on the corporate payroll but rendered no services to the corporations.

The petitioners also presented testimony that a boat, which is used to entertain corporate customers, was repaired at corporate expense, even though privately owned by two non-petitioning shareholders of the corporations. The respondents introduced evidence, however, that corporate moneys were not used to repair the boat.

From the trial testimony it is clear that the petitioners seek the dissolution of the corporations because those corporations

have accumulated a large amount of liquid assets and the petitioners feel they could get a better return on their money elsewhere. But the mere fact that a closely held corporation may have substantial liquid assets which a shareholder wishes to reach is an insufficient basis for judicial dissolution (see, *Matter of Dubonnet Scarfs*, 105 AD2d 339, 343). As the petitioners have failed to establish grounds for dissolution pursuant to Business Corporation Law § 1104-a, their petition was properly dismissed. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.