■ In the Matter of GARY SMITH, Respondent. KOSLOWITZ CONSTRUCTION CO., INC., et al., Appellants.—In a proceeding pursuant to Business Corporation Law § 1104-a seeking a judicial dissolution of two closely held corporations, the Koslowitz Construction Co., Inc. and Koslow Holding Corp. appeal from a judgment of the Supreme Court, Kings County (Williams, J.), entered October 31, 1988, which granted the petition.

Ordered that the judgment is reversed, on the law, and the petition is denied, with costs.

The petitioner Gary Smith commenced this proceeding to dissolve the Koslowitz Construction Co., Inc. and the Koslow Holding Corp. (hereinafter the corporations) pursuant to Business Corporation Law § 1104-a upon the ground that the majority shareholders had allegedly subjected him to "oppressive, fraudulent and illegal actions". Prior to 1981, the corporations were owned solely by Sam Koslowitz. He died intestate in 1981 and the shares in the corporations were divided equally among his widow Elaine Koslowitz, their daughter Beth Koslowitz and the petitioner, Sam's son from a prior marriage. Koslowitz Construction Co., Inc. specializes in storefront construction and skylights. Koslow Holding Corp. is the owner of the premises on which Koslowitz Construction Co., Inc. operates. The only asset and source of income for Koslow Holding Corp. is the subject premises and the rents paid to it by Koslowitz Construction Co., Inc. Since 1981 the corporations have been operated by Elaine as president and Beth as vice-president who together with Elaine's daughter from a previous marriage constituted the board of directors of the corporations.

Following a hearing, the court determined that the majority shareholders had not engaged in any illegal or fraudulent conduct but found that the petitioner had been oppressed within the meaning of Business Corporation Law § 1104-a based upon the majority shareholders' failure to declare dividends, while they received substantial salaries for performing similar work, and their exclusion of the petitioner from a role in management of the corporations. This appeal ensued.

Business Corporation Law § 1104-a (a) (1) permits the dissolution of a close corporation upon the petition of a minority shareholder owning 20% or more of the company's outstanding shares when it is established that those in control have engaged in "oppressive actions" towards him. The conduct constituting "oppressive actions" is not statutorily defined but in the seminal case of *Matter of Kemp & Beatley (Gardstein)* (64 NY2d 63, 73) the Court of Appeals stated that "oppression should be deemed to arise only when the majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the petitioner's decision to join the venture".

Upon the record, it is clear that the petitioner was not oppressed within the meaning of the statute. The petitioner, a

California resident, had essentially been a passive shareholder since he inherited his stock interests in the corporations. He did not seek responsibilities in the day-to-day management of the corporations nor did he seek to be employed by the corporations. Despite his acknowledged receipt of the notices of the annual shareholders' meetings, the petitioner's first sign of interest in the corporations was in 1986 when he and his attorney attended his first shareholders' meeting. Prior to that time, the petitioner had never inquired of the majority shareholders as to the affairs of the corporations, nor had he demanded that dividends be declared. At the 1986 shareholders' meeting, the petitioner's motion to become a member of the board of directors was defeated by the votes of the majority shareholders.

While we are of the opinion, contrary to the appellants' contention, that the "reasonable expectation" standard can be applied to a case in which a stock interest is inherited, the petitioner's conduct did not evidence a reasonable expectation of being an active participant in the management of the corporations. The fact that the petitioner's attempt to become a member of the board of directors was frustrated cannot by itself amount to "oppressive actions" toward him. A stockholder has no vested right to become a director (see, De Marco v Paramount Ice Corp., 30 Misc 2d 158, 162). His acquiescence in the majority shareholders' exercise of control over the day-to-day management of the corporations supports a finding that the petitioner's sudden demand to join the board was nothing more than his subjective hope and desire. His disappointment in not succeeding to be voted onto the board should not be equated with oppression (see, Matter of Kemp & Beatley [Gardstein], supra, at 73).

We are also of the opinion that the failure to declare dividends did not constitute oppression under these circumstances since, as is common with closely held corporations, no policy of declaring dividends appeared to exist. The petitioner made no demand for such declaration and thus, there was no refusal by the board.

Lastly, the evidence does not support the Supreme Court's findings that the salaries paid to the majority shareholders were in lieu of dividends or that the work they performed was duplicative. The court sustained an objection by the petitioner's counsel to the direct examination of the appellants' expert witness by the appellants' counsel as to whether the salaries paid to the majority shareholders were excessive relative to the work they performed. The basis of the objection was the

petitioner's counsel's belief that the salary levels were not relevant. Moreover, no evidence was adduced at the hearing as to the appropriateness of the salary levels relative to the quantity of work performed by the corporations or their manpower requirements. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.