■ GENIA EPELBAUM, Appellant, v NEFESH ACHATH B'YISRAEL, INC., et al., Respondents. [654 NYS2d 812] —In an action, *inter alia,* for a judgment declaring the existence of an employment agreement between the plaintiff and the defendant Nefesh Achath B'Yisrael, Inc., and to recover damages for the breach of that agreement, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated June 1, 1995, as denied her motion for partial summary judgment on her first, second, and third causes of action asserted in the second amended complaint and to dismiss a counterclaim, and for sanctions, and (2), as limited by her brief, from so much of an order of the same court, dated January 4, 1996, as, on her motion to compel discovery and for sanctions, *sua sponte* treated the motion as one additionally for summary judgment on the amended complaint and on the counterclaim, and denied summary judg-

ment on the first, third, fourth, and fifth causes of action, and on so much of the second cause of action as was to recover lost wages in the amount of $3,200.

Ordered that the appeal from the order dated June 1, 1995, is dismissed as academic in light of the determination on the appeal from the order dated January 4, 1996; and it is further,

Ordered that the order dated January 4, 1996, is modified, on the law, by deleting the provision thereof which denied summary judgment to the plaintiff on the first, second, and third causes of action in the second amended complaint and substituting therefor a provision granting summary judgment on the first and second causes of action in their entirety, and on so much of the third cause of action as was to recover earned wages in the amount of $4,489, and attorney's fees pursuant to Labor Law § 198, and adding thereto a provision dismissing the fourth cause of action which was to recover damages under a theory of quantum meruit; as so modified, the order dated January 4, 1996, is affirmed insofar as appealed from, and the matter is remitted for a trial of that portion of the plaintiff's third cause of action which was to recover liquidated damages pursuant to Labor Law § 198 and of the plaintiff's fifth cause of action, and for a hearing on the amount of attorney's fees to be awarded to the plaintiff pursuant to Labor Law § 198 (1-a); and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff alleges that in September 1990 she entered into an oral agreement with the defendant yeshiva, Nefesh Achath B'Yisrael, Inc., also known as Nefesh Academy (hereinafter Nefesh) to teach English to its students during the school year September 1990 through June 1991, at a monthly salary of $1,200. The agreement was then renewed for three successive terms, covering the school years of September 1991 through June 1992, September 1992 through June 1993, and September 1993 through 1994. The plaintiff performed her duties pursuant to the agreement and its renewal terms until April 12, 1994, when she left her position because of the defendants' failure to pay her for the periods April 1993 to June 1993, and March 1994 to April 11, 1994. She then commenced this action. The first cause of action asserted in the second amended complaint sought a judgment declaring the existence of an enforceable employment agreement. The second cause of action, alleging breach of the parties' agreement, sought damages of $4,489 for wages owed for the period April 1993 through June 1993, and March 1994 through April 11, 1994, as well as $3,200 for wages the plaintiff would have earned during the remainder

of the agreed term from April 11, 1994, through June 1994. The third cause of action alleged violations of Labor Law §§ 191 and 198 based on the defendants' failure to pay her wages, and sought back wages as well as liquidated damages and attorney's fees. The fourth cause of action asserted a claim in quantum meruit and sought damages of $4,489, representing the value of her unpaid services. A fifth cause of action sought relief unrelated to the alleged contract. The defendants counterclaimed to recover damages based on the plaintiff's failure to repay a loan allegedly made by them to her.

The court denied the plaintiff's motion for summary judgment on the ground that the parties' papers raised questions of fact. Thereafter, the defendants attempted to serve a second amended answer, in which they withdrew the counterclaim and admitted that they owed the plaintiff $4,489 as wages for the work she performed from April 1993 through June 1993 and from March 1994 through April 11, 1994. The second amended answer failed to deny the existence of an employment agreement, essentially conceding that such an agreement existed and was periodically renewed. On a motion by the plaintiff to compel discovery and impose sanctions, the court, *inter alia*, treated the motion as one also for summary judgment, deemed the second amended answer served, and granted the plaintiff partial summary judgment on the second cause of action, insofar as it was to recover wages earned until April 11, 1994.

We find that the plaintiff is also entitled to summary judgment on her first cause of action for a judgment declaring that the parties had a valid, enforceable employment agreement, and on her second cause of action in its entirety, that is, that pursuant to the agreement she is entitled to recover $4,489 as wages previously earned, as well as $3,200 as wages payable for the period from April 11, 1994, through June 1994 (*see,* CPLR 3018 [a]; *see, Cornell v T. V. Dev. Corp.,* 17 NY2d 69; *Matter of Northeast Cent. School Dist. v Webutuck Teachers Assn.,* 121 AD2d 544). Since the defendants failed to allege facts sufficient to create a triable issue of fact thereon, it was improper to deny summary judgment on these causes of action (*see, Cornell v T. V. Dev. Corp., supra; Matter of Northeast Cent. School Dist. v Webutuck Teachers Assn., supra*). The defendants' conclusory allegation that the plaintiff left her employment without cause is insufficient, by itself, to create a triable issue of fact in light of their admissions (*see generally, Zuckerman v City of New York,* 49 NY2d 557). The judgment to be entered in the action should include a provision declaring the validity of the contract of employment.

The plaintiff is also entitled to partial summary judgment on her third cause of action. The record clearly demonstrates that the plaintiff was not paid her earned wages "in accordance with the agreed terms of employment" (Labor Law § 191 [1] [d]). Therefore, she is entitled to those wages, $4,489, as well as to reasonable attorney's fees in an amount to be determined by the Supreme Court after a hearing. However, the plaintiff failed to submit sufficient proof of willfulness in the failure to pay the earned wages so as to entitle her to liquidated damages as a matter of law under Labor Law § 198. The mere conclusory allegations of willfulness contained in the complaint are insufficient (see, Zuckerman v City of New York, supra, at 562) to show her entitlement to summary judgment on this issue. Accordingly, the portion of her third cause of action which seeks such an award of liquidated damages must await determination at trial.

The plaintiff's fourth cause of action, to recover in quantum meruit, must be dismissed since we have found the existence of an enforceable employment contract as well as plaintiff's entitlement to recover thereunder (see generally, Peterson Real Estate v Krantz, 220 AD2d 1079; Recon Car Corp. v Chrysler Corp., 130 AD2d 725).

The plaintiff's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.