■ In the Matter of RICHARD BRICKMAN et al., Respondents, v BRICKMAN ESTATE AT THE POINT, INC., et al., Appellants. [677 NYS2d 600] —In a proceeding, *inter alia,* pursuant to Business Corporations Law § 1104-a to dissolve a close corporation, Brickman Estate at the Point, Inc., Frederick John Handler, and Marjorie C. Kern appeal from (1) an order of the Supreme Court, Nassau County (Franco, J.), entered March 31, 1997, which denied their motion for reargument of a decision dated December 23, 1996, and (2) a judgment of the same court entered May 15, 1997, which, *inter alia,* after a nonjury trial, dissolved the corporation, and directed the sale of its real property.

Ordered that the appeal from the order entered March 31, 1997, is dismissed, as no appeal lies from an order denying reargument of a decision (*see, DeFalco v JRS Confectionary*, 118 AD2d 752, 573); and it is further,

Ordered that the judgment is reversed, on the law, and the petition is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

Under Business Corporation Law § 1104-a (a) (1), upon the petition of minority shareholders owning 20% or more of the company's outstanding shares, a court may order the dissolution of a close corporation when it is established that those in control have engaged in oppressive conduct towards the minority shareholders. "[O]ppression should be deemed to arise only when the majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the petitioner's decision to join the venture" (*Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63, 73).

The petitioners here were not oppressed within the meaning of the statute. Essentially, the petitioners had been passive shareholders from the time they purchased their shares in 1981. They did not seek responsibilities in the day-to-day management of the corporation. They did not express an interest in shareholders' meetings or in electing the corporate officers. Therefore, the petitioners' proof, including the appellants' failure to regularly account to them concerning corporate operations, laxness in maintaining certain records, and failure to allow them access to corporate records, was insufficient to establish the requisite "oppressive action" (*see, Matter of Smith [Koslowitz Constr. Co.]*, 154 AD2d 537; *Matter of Farega Realty Corp.*, 132 AD2d 797).

As the petitioners have not made the requisite showing of oppressive conduct, their petition must be dismissed (*see, Matter of Kemp & Beatley [Gardstein], supra*). Rosenblatt, J. P., O'Brien, Altman and Friedmann, JJ., concur.