■ DAVID DELVECCHIO, Respondent, v BAYSIDE CHRYSLER PLYMOUTH JEEP EAGLE, INC., et al., Appellants. [706 NYS2d 724] —In an action to recover damages, *inter alia,* for breach of an employment contract, the defendants Bayside Chrysler Plymouth Jeep Eagle, Inc., Northern Boulevard Dodge, Inc., Tri State Auto Mall, Inc., and John Zanetti appeal from (1) so much of an order of the Supreme Court, Queens County (Milano, J.), dated May 7, 1999, as granted those branches of the plaintiff's motion which were for summary judgment on the second cause of action asserted against Bayside Chrysler Plymouth Jeep Eagle, Inc., Northern Boulevard Dodge, Inc., and Tri State Auto Mall, Inc., and to dismiss the fifth and sixth affirmative defenses to that cause of action, and denied that branch of their cross motion which was for summary judgment dismissing the plaintiff's second cause of action, (2) a judgment of the

same court, entered June 29, 1999, which is in favor of the plaintiff and against Bayside Chrysler Plymouth Jeep Eagle, Inc., Northern Boulevard Dodge, Inc., and Tri State Auto Mall, Inc., in the principal sum of $250,000, and (3) so much of an order of the same court, dated November 1, 1999, as denied that branch of their motion which was for leave to renew.

Ordered that the appeals by the defendant John Zanetti are dismissed, without costs or disbursements, as he is not aggrieved by the portions of the orders and judgment appealed from; and it is further,

Ordered that the appeal by the defendants Bayside Chrysler Plymouth Jeep Eagle, Inc., Northern Boulevard Dodge, Inc., and Tri State Auto Mall, Inc., from the order dated May 7, 1999, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the second cause of action asserted against the defendants Bayside Chrysler Plymouth Jeep Eagle, Inc., Northern Boulevard Dodge, Inc., and Tri State Auto Mall, Inc., and to dismiss the fifth and sixth affirmative defenses to that cause of action are denied, the fifth and sixth affirmative defenses are reinstated, and the order dated May 7, 1999, is modified accordingly; and it is further,

Ordered that the order dated November 1, 1999, is affirmed insofar as appealed from by the defendants Bayside Chrysler Plymouth Jeep Eagle, Inc., Northern Boulevard Dodge, Inc., and Tri State Auto Mall, Inc., without costs or disbursements.

The appeal by the defendants Bayside Chrysler Plymouth Jeep Eagle, Inc., Northern Boulevard Dodge, Inc., and Tri State Auto Mall, Inc. (hereinafter the corporate defendants), from the intermediate order dated May 7, 1999, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal by the corporate defendants from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On January 17, 1996, the plaintiff entered into a written five-year employment contract with the corporate defendants, to be their Director of Used Car Operations. The contract gave the corporate defendants the right to terminate the agreement for cause upon at least five days written notice. "Cause" was defined, among other things, as theft, misuse of company assets, commission of a felony or a crime involving moral

turpitude, and poor performance. The contract also contained a separate "Bilateral Termination" clause permitting either party to terminate the contract without consent, subject to the payment of $250,000 in liquidated damages.

The corporate defendants terminated the plaintiff's employment on January 9, 1997, without providing written notice. The plaintiff subsequently commenced this action against the corporate defendants and their principal, John Zanetti. In his second cause of action, the only cause of action at issue on this appeal, the plaintiff sought to recover liquidated damages from the corporate defendants pursuant to the "Bilateral Termination" clause of the contract. As a fifth affirmative defense, the defendants alleged that the plaintiff had failed to mitigate his damages and, as a sixth affirmative defense, that he was terminated for cause.

Upon the plaintiff's motion and the defendants' cross motion, the Supreme Court, *inter alia*, granted the plaintiff summary judgment on his second cause of action against the corporate defendants, dismissed the fifth and sixth affirmative defenses, and denied that branch of the defendants' cross motion which was for summary judgment dismissing the second cause of action. The court dismissed the remaining causes of action. A judgment was subsequently entered in favor of the plaintiff and against the corporate defendants in the principal sum of $250,000. The defendants then moved, *inter alia*, for leave to renew and the court denied that branch of their motion.

While the court incorrectly determined that the branch of the defendants' motion seeking renewal was untimely, it did not otherwise err in denying that relief. The additional information submitted upon renewal was known to the defendants when the original motion and cross motion were made, and they did not proffer a reasonable excuse for their failure to present those facts at that time (*see, Natale v Samel & Assocs.,* 264 AD2d 384; *Guerrero v Dublin Up Corp.,* 260 AD2d 435; CPLR 2221 [e] [2], [3]).

However, the court erred in its initial order by granting the plaintiff summary judgment on his cause of action for liquidated damages and dismissing the sixth affirmative defense. The "Bilateral Termination" clause of the contract providing for liquidated damages is applicable only if the plaintiff was terminated without cause. Based on the evidence in the record, there is an issue of fact as to whether he was terminated for cause. Contrary to the court's conclusion, the corporate defendants' failure to provide written notice to the plaintiff did not, under the circumstances of this case, render the termina-

tion for cause ineffective. Although they may be liable to the plaintiff for certain damages for failing to provide notice, they did not forfeit their right to terminate the agreement for cause (*see, De Graffenreidt v Neighborhood Health Ctr.,* 42 AD2d 773; *Bogy v Berlage,* 265 App Div 249; *Bitterman v Gluck,* 256 App Div 336; *see also, Holt v Seversky Electronatom Corp.,* 452 F2d 31). Unlike the situation in the cases cited by the court in reaching its conclusion (*see, Rebh v Lake George Ventures,* 223 AD2d 986; *Hanson v Capital Dist. Sports,* 218 AD2d 909), the contract in this case did not afford the plaintiff an opportunity to cure and, for the most part, his alleged misfeasance was not, in any event, curable. Thus, in this case, notice was not a material term of the contract.

The court also erred in dismissing the fifth affirmative defense. Mitigation of damages is not relevant when there is a valid liquidated damages clause (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd,* 51 AD2d 786, *affd* 41 NY2d 420; *Musman v Modern Deb,* 50 AD2d 761). However, in the event that the liquidated damages clause in this case, if ultimately found to be applicable, is an unenforceable penalty as the defendants contend—an issue which need not be reached on this appeal—then the mitigation defense would become relevant.

Because there is an issue of fact as to whether the plaintiff was terminated for cause, the court properly denied that branch of the cross motion which was for summary judgment dismissing the second cause of action.

In light of our determination, it is unnecessary to address the defendants' remaining contention. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.