■ MARINA FRAIBERG, Respondent, v 4KIDS ENTERTAINMENT, INC., Appellant. [906 NYS2d 64]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), entered May 13, 2009, as, upon a decision of the same court dated March 11, 2009, granted those branches of the plaintiff's motion which were for summary judgment on the first through fifth causes of action and on the issue of liability on the sixth cause of action, denied its cross motion for summary judgment dismissing the complaint, and is in favor of the plaintiff and against it in the principal sum of $80,144.20.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the second, fourth, and fifth causes of action, and substituting therefor provisions denying those branches of the motion, (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the sixth cause of action, and substituting therefor a provision denying that branch of the motion, (3) by deleting the provisions thereof denying the defendant's cross motion for summary judgment dismissing the second, fourth, fifth, and sixth causes of action, and substituting therefor provisions granting those branches of the cross motion, and (4) by deleting the fourth decretal paragraph thereof awarding the

plaintiff the principal sum of $80,144.20 and substituting therefor a provision awarding the plaintiff the principal sum of $60,576.90; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.

On June 19, 2006, the defendant, a corporation, announced that it was closing its subsidiary, Summit Media Group, Inc. (hereinafter Summit). The defendant also announced that Summit's employees' last day of work would be June 23, 2006.

The plaintiff was Summit's controller. The parties agreed that after June 23, 2006, the plaintiff would remain in Summit's employ and receive her salary until she completed the closing of the second quarter's books, and then, upon leaving Summit's employ, receive, as a severance package, 30 weeks' salary and medical benefits. The terms of the parties' agreement were memorialized in an e-mail dated June 23, 2006 (hereinafter the e-mail agreement), signed by the defendant's executive vice-president/chief financial officer, and stating as follows: "This document is to confirm that [the plaintiff] will continue to be paid on our regular payroll through the closing of the 2nd quarter, and then, will after such closing, [the defendant] will begin to exercise her severance agreement with a payout of 30 weeks salary and that the company will continue to provide medical benefits to the employee thru the duration of the severance payout."

On August 10, 2006, the plaintiff completed her work. Two days earlier, on August 8, 2006, the vice-president of the defendant's human resources department asked her to sign a "Separation Agreement and General Release," which Summit's other employees had been required to sign in order to receive their severance packages. That document, inter alia, stated that the plaintiff would receive a particular amount of "severance pay," and release the defendant from any and all discrimination claims she might have against the defendant. However, the plaintiff, who had not been shown that document at the time she entered into her agreement with the defendant, or informed that she would be required to sign that document in order to receive her severance package, refused to sign.

The defendant refused to pay the plaintiff her severance package, on the ground that she refused to sign the separation agreement and general release. Soon thereafter, the plaintiff commenced the instant action, asserting six causes of action against the defendant.

The first, second, and third causes of action sought to recover

damages for breach of contract. In this regard, the plaintiff sought to recover, respectively, $53,076.90, representing 30 weeks of salary, $3,538.50, representing two weeks of vacation pay, and $7,500, representing the value of 30 weeks of medical benefits.

The plaintiff established, prima facie, that the defendant agreed to pay her 30 weeks of salary and medical benefits as a severance package in exchange for her continuing as Summit's controller through the closing of the second quarter's books, and that, contrary to the defendant's assertions, signing the separation agreement and general release was not a term of that agreement. In opposition, the defendant failed to raise a triable issue of fact as to whether it was obligated to pay the plaintiff 30 weeks of salary and the value of 30 weeks of medical benefits. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the first and third causes of action.

However, the defendant established, prima facie, that the parties' e-mail agreement did not provide for vacation pay and, in opposition, the plaintiff failed to raise a triable issue of fact. At her deposition, the plaintiff stated that the e-mail agreement, which made no mention of vacation pay, was the "only agreement" between the parties. In addition, in an affidavit, the plaintiff indicated that "the total severance package [she] was to receive" was only to include 30 weeks of salary and medical benefits, specifying that "[t]his was the full extent of the [c]ontract we reached; there were no other terms." Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action.

The remaining causes of action were asserted pursuant to Labor Law article 6 (see Labor Law §§ 190-199-a). In this regard, in the fourth cause of action, the plaintiff alleged that the defendant's failure to pay her severance package constituted a violation of Labor Law § 190. In the fifth cause of action, the plaintiff alleged that, pursuant to Labor Law § 198, she was entitled to additional damages of 25% of the value of her severance package. Finally, in the sixth cause of action, the plaintiff sought an award of an attorney's fee and costs pursuant to Labor Law § 198. However, the defendant established that the plaintiff was not entitled to relief pursuant to Labor Law article 6.

The purpose of Labor Law article 6 is to "strengthen and clarify the rights of employees to the payment of wages" (*Truelove v Northeast Capital & Advisory*, 95 NY2d 220, 223 [2000]).

Labor Law § 190 (2) defines "employee" as "any person employed for hire by an employer in any employment." Labor Law § 190 (1) defines "wages," in pertinent part, as "earnings of an employee for labor or services rendered . . . includ[ing] benefits or wage supplements as defined in" Labor Law § 198-c, which requires "any employer who is a party to an agreement to pay . . . benefits or wage supplements to employees" to pay those benefits or wage supplements within 30 days after such payments are required to be made (Labor Law § 198-c [1]). Labor Law § 198-c (2) defines "benefits or wage supplements" as "includ[ing] . . . but . . . not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay." Labor Law § 198-c (3) states that Labor Law § 198-c "shall not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week."

The instant case does not involve an employee's entitlement to back pay, as the plaintiff was paid her regular salary for her work up to and including the date of termination of her employment (*cf. Epelbaum v Nefesh Achath B'Yisrael*, 237 AD2d 327, 330 [1997]). At issue here is an employee's entitlement to a severance package.

*Pachter v Bernard Hodes Group, Inc.* (10 NY3d 609, 614-615 [2008]), cited by the Supreme Court, stands for the proposition that the plaintiff, although an executive, was still an "employee" for purposes of Labor Law article 6 (*cf. Daley v Related Cos.*, 179 AD2d 55, 58 [1992], *rearg granted* 184 AD2d 425 [1992]). However, in *Pachter* (10 NY3d at 615), the Court of Appeals reaffirmed the validity of the exclusion relating to benefits and wage supplements set forth in Labor Law § 198-c (3) (*cf. Cohen v ACM Med. Lab.*, 178 Misc 2d 130, 135-136 [1998], *affd* 265 AD2d 839 [1999]; *Edwards v Schrader-Bridgeport Intl., Inc.*, 205 F Supp 2d 3, 13-14 [2002]; *Gerzog v London Fog Corp.*, 907 F Supp 590, 603 [1995]). At her deposition, the plaintiff acknowledged that she worked "in a bona fide executive, administrative or professional capacity" and earned in excess of $900 per week (Labor Law § 198-c [3]). Hence, the defendant established that, although the plaintiff was generally covered by the protections of Labor Law article 6, she could not assert a claim thereunder to compel the payment of her severance package (*cf. Wagner v Edisonlearning, Inc.*, 2009 WL 1055728, *3, 2009 US Dist LEXIS 32965, *9-10 [SD NY 2009]).

The plaintiff failed to raise a triable issue of fact as to the applicability of Labor Law article 6. Accordingly, the Supreme Court should have granted those branches of the defendant's

cross motion which were for summary judgment dismissing the fourth, fifth, and sixth causes of action.

The parties' remaining contentions are without merit. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.