■ MORDECHAI TENDLER, Appellant, v BAIS KNESSES OF NEW HEMPSTEAD, INC., Doing Business as THE RAV ARON JOFFEN COMMUNITY SYNAGOGUE, Respondent. [977 NYS2d 747]—

In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Alfieri, J.), dated September 10, 2012, as denied his motion for summary judgment on the issue of damages and dismissing the defendant's counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

This Court previously determined that the defendant, Bais Knesses of New Hempstead, Inc. (hereinafter the Congregation), breached an employment contract with the plaintiff by improperly terminating his employment as its rabbi prior to receiving permission from an authorized Rabbinical Court, as required by the express terms of the contract (*see Tendler v Bais Knesses of New Hempstead, Inc.*, 52 AD3d 500 [2008]). Thereafter, the plaintiff moved in Supreme Court for summary judgment on the issue of damages and dismissing the Congregation's counterclaims, which alleged that the plaintiff improperly accessed the Congregation's funds and that he failed to account for his expenditures. The Congregation cross-moved for summary judgment. The Supreme Court denied the plaintiff's motion and the Congregation's cross motion.

The damages payable for breach of an employment contract are measured, prima facie, by the wages that would have been paid during the remainder of the contract term (*see Cornell v T.V. Dev. Corp.*, 17 NY2d 69, 74 [1966]; *Rebh v Lake George Ventures*, 241 AD2d 801, 803 [1997]). This, however, is only the prima facie measure. "The actual damage is measured by the wage that would be payable during the remainder of the term reduced by the income which the discharged employee has earned, will earn, or could with reasonable diligence earn during the unexpired term" (*Hollwedel v Duffy-Mott Co.*, 263 NY 95, 101 [1933]; *see Cornell v T.V. Dev. Corp.*, 17 NY2d at 74).

Here, while the Congregation may be liable for certain damages, it did not forfeit its right to terminate the plaintiff's employment once permission was obtained from an authorized Rabbinical Court (*see Delvecchio v Bayside Chrysler Plymouth Jeep Eagle*, 271 AD2d 636, 639 [2000]). Thus, contrary to the plaintiff's contention, he was not entitled to recover damages in the amount equal to the compensation that he would have earned during his expected lifetime. Instead, as the Supreme

Court properly found, the plaintiff was only entitled to recover for damages he sustained between the date of the improper termination of employment and the date that his employment was terminated in accordance with the terms of the employment contract (*see De Graffenreidt v Neighborhood Health Ctr. of Provident Clinical Socy.*, 42 AD2d 773 [1973]). Furthermore, contrary to the plaintiff's contentions, the Congregation raised triable issues of fact regarding the calculation of the wages that the plaintiff would have earned during this period and regarding mitigation of damages. Thus, that branch of the plaintiff's motion which was for summary judgment on the issue of damages was properly denied.

Similarly, in opposition to the plaintiff's establishment, prima facie, of his entitlement to judgment as a matter of law dismissing the counterclaims, the Congregation raised triable issues of fact with regard to its claims that the plaintiff improperly accessed the Congregation's funds and that he failed to account for his expenditures. Thus, that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaims also was properly denied (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.