Matter of Hoffman v S.T.H.M. Realty Corp. (2022 NY Slip Op 04725)

Matter of Hoffman v S.T.H.M. Realty Corp.

2022 NY Slip Op 04725

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-12291
 (Index Nos. 514635/15, 514638/15, 514639/15)

[*1]In the Matter of Elaine Hoffman, appellant,
v
S.T.H.M. Realty Corp., et al., respondents. (Proceeding No. 1)
In the Matter of Elaine Hoffman, appellant, Hymel-Porter Realty Corp., et al., respondents. (Proceeding No. 2)
In the Matter of Elaine Hoffman, appellant,
v Cornell Beverages, Inc., et al., respondents. (Proceeding No. 3)

Richard A. Kraslow, P.C., Melville, NY, for appellant.
Goetz Fitzpatrick LLP, New York, NY (Howard M. Rubin and Becky [Hyun Jeong] Baek of counsel), for respondents.

DECISION & ORDER
In three related proceedings, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of three closely held corporations, the petitioner appeals from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 18, 2019. The judgment, after a nonjury trial, denied the petitions and dismissed the proceedings.
ORDERED that the judgment is affirmed, with costs.
In 2015, the petitioner commenced these three related proceedings, inter alia, pursuant to Business Corporation Law § 1104-a, seeking the judicial dissolution of three closely held corporations. The petitioner is a 25% shareholder in each corporation. The respondents Allan
Hoffman, Donna Hoffman, and Judi Brezniak, who are the petitioner's brother and cousins, respectively, each also hold 25% of the shares in each of the corporations. The proceedings were joined for trial and, after a nonjury trial, the Supreme Court denied the petitions and dismissed the proceedings. The petitioner appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case, that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, contrary to the petitioner's contention, the Supreme Court's determination to deny the petitions was warranted by the facts. Business Corporation Law § 1104-a authorizes judicial dissolution of a closely held corporation where, as relevant here, it is established that those [*2]in control of the corporation have engaged in "oppressive actions" toward the minority shareholders or have looted, wasted, or diverted the property or assets of the corporation (id. § 1104-a[a][1], [2]). "[O]ppression should be deemed to arise only when the majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the petitioner's decision to join the venture" (Matter of Kemp & Beatley [Gardstein], 64 NY2d 63, 73; see Matter of Smith [Koslowitz Constr. Co.], 154 AD2d 537, 538-539).
The trial evidence here demonstrated that, after inheriting her stock interests in the corporations, the petitioner did not seek employment or responsibilities in the day-to-day management of the corporations, or express an interest in shareholders' meetings, but, rather, remained, for many years, a passive shareholder, acquiescing in the exercise of control by Allan Hoffman and Donna Hoffman over the day-to-day management of the corporations. This and other evidence supports the Supreme Court's determination that the petitioner did not evince a reasonable expectation of actively participating in the management of the corporations, and that, while the petitioner might now disagree with the manner in which the corporations' assets are being managed, the conduct of the majority shareholders was not oppressive (see Matter of Brickman v Brickman Estate at the Point, 253 AD2d 812, 813; Matter of Smith [Koslowitz Constr. Co.], 154 AD2d at 538-539; Matter of Brach [88-15 Executive Arms Realty Corp.], 135 AD2d 711, 712; Matter of Murphy [Gallagher Bros. Sand & Gravel Corp.], 120 AD2d 733, 735-736). Furthermore, there was no evidence that the majority shareholders looted, wasted, or diverted corporate assets for noncorporate purposes (see Matter of Brach [88-15 Executive Arms Realty Corp.], 135 AD2d at 712; see also Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093).
Accordingly, the Supreme Court properly denied the petitions and dismissed the proceedings.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court