New York Cardiothoracic Surgeons, P.C. v Brevetti (2022 NY Slip Op 05212)

New York Cardiothoracic Surgeons, P.C. v Brevetti

2022 NY Slip Op 05212

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-06547
 (Index No. 9567/03)

[*1]New York Cardiothoracic Surgeons, P.C., plaintiff- appellant-respondent, 
v
Gregory R. Brevetti, etc., defendant third-party plaintiff-respondent-appellant; Israel J. Jacobowitz, third-party defendant-appellant- respondent, et al., third-party defendant.

Snitow Kaminetsky Rosner & Snitow, LLP, New York, NY (Franklyn H. Snitow, Gary S. Snitow, and Alan V. Klein of counsel), for plaintiff-appellant-respondent and third-party defendant-appellant respondent.
Abrams Fensterman, LLP, Brooklyn, NY (Anthony J. Genovesi, Jr., and Maria Kefalas of counsel), for defendant third-party plaintiff-respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an employment contract, the plaintiff and the third-party defendant Israel J. Jacobowitz appeal, and the defendant third-party plaintiff cross-appeals, from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 19, 2019. The judgment, insofar as appealed from, (1) upon a decision of the same court dated October 10, 2018, made after a nonjury trial, (a) is in favor of the defendant third-party plaintiff and against the third-party defendant Israel J. Jacobowitz in the principal sum of $91,666.64, representing damages for severance pay pursuant to Labor Law article 6, and (b) is in favor of the defendant third-party plaintiff and against the plaintiff and the third-party defendant Israel J. Jacobowitz in the principal sum of $2,895, representing damages for breach of an obligation to provide disability insurance, and (2) upon a decision of the same court dated February 13, 2019, made after a hearing, awarded the defendant third-party plaintiff attorneys' fees in the sum of $163,955. The judgment, insofar as cross-appealed from, upon the decision dated October 10, 2018, is in favor of the defendant third-party plaintiff and against the plaintiff and the third-party defendant Israel J. Jacobowitz in the principal sum of only $139,997.30, representing damages for breach of the employment contract and violation of Labor Law article 6.
ORDERED that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof which is in favor of the defendant third-party plaintiff and against the third-party defendant Israel J. Jacobowitz in the principal sum of $91,666.64, representing damages for severance pay pursuant to Labor Law article 6, and (2) by deleting the provision thereof which is in favor of the defendant third-party plaintiff and against the plaintiff and the third-party defendant Israel J. Jacobowitz in the principal sum of $2,895, representing damages for breach of an obligation to provide disability insurance; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff and the third-party defendant Israel J. Jacobowitz, [*2]and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.
On October 8, 2001, the defendant third-party plaintiff, Gregory R. Brevetti, a cardiothoracic surgeon, entered into an employment contract with the third-party defendant Israel J. Jacobowitz, M.D., P.C. On October 12, 2001, the employment contract was revised to replace Israel J. Jacobowitz, M.D., P.C., with the plaintiff, New York Cardiothoracic Surgeons, P.C. (hereinafter NYCS). The third-party defendant Israel J. Jacobowitz was the president of both professional corporations. The employment contract was for a term of four years. However, it allowed either party to terminate the contract after its first anniversary, and it permitted Brevetti to receive four months of severance pay under certain conditions. In November 2002, NYCS stopped paying Brevetti the salary he was entitled to under the employment contract. In January 2003, Brevetti submitted his resignation, notifying NYCS that it was in breach of the employment contract.
In March 2003, NYCS commenced this action against Brevetti, inter alia, to recover damages for breach of the employment contact. Brevetti's answer contained counterclaims, inter alia, to recover damages for breach of the employment contract and violations of Labor Law article 6, and he commenced a third-party action against Jacobowitz and Israel J. Jacobowitz, M.D., P.C., asserting the same causes of action. After a nonjury trial, in a decision dated October 10, 2018, the Supreme Court found that NYCS was in breach of the employment contract and that NYCS and Jacobowitz violated Labor Law article 6, and determined that Brevetti was entitled to damages in the principal sums of $45,415.66 for wages owed, $91,666.64 for severance pay, and $2,895 for reimbursement of the cost of disability insurance. In a separate decision dated February 13, 2019, made after a hearing, the court determined that Brevetti was entitled to an award of attorneys' fees in the sum of $163,955. The court subsequently issued a judgment, which, inter alia, is in favor of Brevetti and against NYCS and Jacobowitz in these principal sums with interest, and which includes an additional duplicative award of $2,895 for reimbursement of the cost of disability insurance with interest thereon. NYCS and Jacobowitz appeal from so much of the judgment as awarded the principal sum of $91,666.64 against Jacobowitz for severance pay pursuant to Labor Law article 6, awarded duplicative damages for reimbursement of the cost of disability insurance, and awarded attorneys' fees in the sum of $163,955. Brevetti cross-appeals from so much of the judgment as awarded the principal sum of only $139,997.30 for breach of the employment contract and violation of Labor Law article 6.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 723 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Jeffers v Stein, 152 AD3d 754, 754). "[W]here the [trial] court's findings of fact rest in large measure on considerations relating to the credibility of witnesses[,] . . . deference is owed to the trial court's credibility determinations" (HSBC Bank USA, N.A. v Macaulay, 187 AD3d at 723-724 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499).
Here, the Supreme Court's determination that NYCS, rather than Israel J. Jacobowitz, M.D., P.C., entered into the employment contract with Brevetti, which was based, in part, upon credibility determinations, was warranted by the facts and should not be disturbed (see Miller v Stillwell Rd., Inc., 204 AD3d 662). The court's award of damages for breach of the employment contract in the principal sum of $139,997.30 was also warranted by the facts. Contrary to Brevetti's contention, he was not entitled to recover damages in the amount equal to lost wages that he would have earned during the entire four-year term of the employment contract. A party who maintains a wrongful discharge action under a contract of employment that contains a right of termination is "limited to the salary to which he [or she] would have been entitled had notice of termination been given" (De Graffenreidt v Neighborhood Health Ctr. of Provident Clinical Socy., 42 AD2d 773, 773; see Tendler v Bais Knesses of New Hempstead, Inc., 112 AD3d 911, 911-912). As the court properly found, Brevetti was only entitled to recover his lost wages up until the date he submitted his [*3]resignation (see Tendler v Bais Knesses of New Hempstead, Inc., 112 AD3d at 911-912; De Graffenreidt v Neighborhood Health Ctr. of Provident Clinical Socy., 42 AD2d 773).
However, as Jacobowitz correctly argues, the Supreme Court erred in finding that Brevetti was entitled to an award of severance pay from Jacobowitz personally pursuant to Labor Law article 6. Although "wages" is defined in Labor Law § 190(1) as "the earnings of an employee for labor or services rendered," and "also includes benefits or wage supplements" as defined in Labor Law § 198-c, the latter section does not apply to professionals, such as Brevetti, who earn more than $900 per week (see Fraiberg v 4Kids Entertainment, Inc., 75 AD3d 580, 583). While Brevetti was generally covered by the protections of Labor Law article 6, he was not entitled to recover severance pay thereunder (see Fraiberg v 4Kids Entertainment, Inc., 75 AD3d at 583). Accordingly, the damages award for severance pay against Jacobowitz individually for violation of Labor Law article 6 must be vacated.
Further, as Brevetti concedes, in the judgment, the Supreme Court mistakenly twice awarded him the principal sum of $2,895 for the cost of disability insurance he was entitled to under the employment contract. The duplicate award must be vacated.
Finally, contrary to the contention of NYCS and Jacobowitz, the Supreme Court providently exercised its discretion in awarding Brevetti attorneys' fees in the sum of $163,955 (see TY Bldrs. II, Inc. v 55 Day Spa, Inc., 167 AD3d 679, 682).
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court