Dulcette Tech., LLC v MTC Indus., Inc. (2022 NY Slip Op 06787)

Dulcette Tech., LLC v MTC Indus., Inc.

2022 NY Slip Op 06787

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-11272 
2019-12558
 (Index No. 60071/13)

[*1]Dulcette Technologies, LLC, respondent-appellant,
v
MTC Industries, Inc., appellant-respondent, et al., defendant.

Kevin Kerveng Tung, P.C., Flushing, NY (Kevin K. Tung and Daniel John Murphy of counsel), for appellant-respondent.
White, Cirrito & Nally, LLP, Hempstead, NY (Christopher M. Lynch of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of express warranty and fraud, the defendant MTC Industries, Inc., appeals, and the plaintiff cross appeals, from (1) a decision of the Supreme Court, Suffolk County (James Hudson, J.), dated August 27, 2019, and (2) a judgment of the same court entered September 30, 2019. The judgment, insofar as appealed from, upon the decision, made after a nonjury trial, is in favor of the plaintiff and against the defendant MTC Industries, Inc., in the principal sum of $214,400. The judgment, insofar as cross-appealed from, upon the decision, is in favor of the plaintiff and against the defendant MTC Industries, Inc., in the principal sum of only $14,400 for compensatory damages.
ORDERED that the appeal and the cross appeal from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
The plaintiff and the defendant MTC Industries, Inc. (hereinafter the defendant), are distributors of the sweetener sucralose. Between April 2012 and August 2012, the defendant sold to the plaintiff approximately 1,000 kilograms of sucralose, and the plaintiff paid the defendant the sum of $99,330. The plaintiff then resold that sucralose to nonparty Raritan Pharmaceuticals (hereinafter Raritan). Raritan later returned to the plaintiff four 25-kilogram containers of the defendant's sucralose, alleging that the product had quality issues.
The plaintiff commenced this action against the defendant, and another, inter alia, to recover damages for breach of express warranty and fraud. After a nonjury trial, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $214,400. The defendant appeals, and the plaintiff cross-appeals.
"In reviewing a determination made after a nonjury trial, the power of this Court is [*2]as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case, that the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Matter of Hoffman v S.T.H.M. Realty Corp., 207 AD3d 722, 723; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). "[W]here the [trial] court's findings of fact rest in large measure on considerations relating to the credibility of witnesses[,] . . . deference is owed to the trial court's credibility determinations" (HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 723-724 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499; New York Cardiothoracic Surgeons, P.C. v Brevetti, 208 AD3d 1241, 1243).
Here, the Supreme Court's determinations, which were based, in part, upon credibility determinations, as well as its award of compensatory and punitive damages to the plaintiff in the total principal sum of $214,400, were warranted by the facts and should not be disturbed.
The parties' remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court