■ WILLIAM P. CLARK, Respondent, v SUNDARAM RAVIKUMAR et al., Defendants, and FAISAL AZIZ et al., Appellants. [935 NYS2d 633]—

The extraordinary remedy of equitable estoppel may be invoked to bar the affirmative defense of the statute of limitations only where the defendant's affirmative wrongdoing contributed to the delay between accrual of the cause of action and commencement of the legal proceeding. Further, the plaintiff must demonstrate reasonable reliance on the defendant's misrepresentations, and the plaintiff's due diligence in ascertaining the facts (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]; *Walker v New York City Health & Hosps. Corp.*, 36 AD3d 509, 510 [2007]).

Contrary to the Supreme Court's conclusion, Aziz's identification of himself as an "assistant surgeon" in the operative report was not an "affirmative wrongdoing" under the circumstances of this case, nor should it have contributed to the delay in commencing the action against Aziz and WMC (*Putter v North Shore Univ. Hosp.*, 7 NY3d at 552-553; *see Soto v Andaz*, 8 AD3d 470, 471 [2004]). Rather, since Aziz identified himself as having participated in the surgery, the plaintiff was under a duty to inquire and ascertain all of the relevant facts regarding Aziz's role in the surgery (*see Rite Aid Corp. v Grass*, 48 AD3d 363, 364 [2008]). Further, the plaintiff cannot rely on the affidavit authored by Ravikumar in seeking to invoke the doctrine of equitable estoppel against Aziz and WMC (*see Zoe G. v Frederick F.G.*, 208 AD2d 675 [1994]). Moreover, the statute of limitations had already expired by the date of Ravikumar's affidavit, and, therefore, the plaintiff cannot assert that Ravikumar's affidavit

induced him to refrain from timely filing suit against Aziz and WMC (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 492 [2007]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for leave to amend the complaint to add Aziz and WMC as defendants. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.