■ ABDULLAH GANAI, Appellant, v 6910 FORT HAMILTON PARKWAY CORP. et al., Respondents. [52 NYS3d 411]—

In an action, inter alia, to recover on a promissory note, the defendants appeal from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated May 23, 2014, which, after a nonjury trial and upon a decision by the same court (Neckles, Ct. Atty. Ref.), dated April 29, 2014, is in favor of the plaintiff

and against them in the principal sum of $175,000, and the plaintiff cross-appeals from so much of the same judgment as failed to award him attorneys' fees and expenses.

Ordered that the cross appeal is dismissed, as the plaintiff's request for attorneys' fees and expenses remains pending and undecided (see *Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In October 2007 the plaintiff and the defendant Ahsan Ismail entered into a stock purchase agreement whereby the plaintiff sold to Ismail the defendant 6910 Fort Hamilton Parkway Corp. (hereinafter the corporate defendant). The principal asset of the corporate defendant consisted of certain rental real property.

The plaintiff commenced this action against the defendants claiming, inter alia, that Ismail defaulted on a promissory note by failing to pay him $175,000, which constituted the balance of the corporate defendant's purchase price. Ismail denied ever seeing the promissory note and denied that he signed it, and claimed that the true version of the stock purchase agreement was not the one proffered by the plaintiff, in which Ismail was to take the corporate defendant's real property "as is." According to Ismail, a separate stock purchase agreement was the true document executed by him and the plaintiff. Under that agreement, the corporate defendant's real property was to be delivered vacant and in rentable/livable condition at closing. Ismail additionally contended that the property was not delivered vacant and in rentable/livable condition at closing, thereby relieving him of any obligation to pay the $175,000 purchase price balance.

Following a nonjury trial, the Supreme Court accepted the plaintiff's version of the stock purchase agreement as the one executed by the plaintiff and Ismail. It further found, inter alia, that Ismail had failed to pay the remaining $175,000 purchase price balance on the note. Accordingly, the court awarded judgment in favor of the plaintiff and against the defendants. The court, however, was silent as to the plaintiff's request for attorneys' fees and expenses.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge

had the advantage of seeing the witnesses and hearing the testimony" (*DePaula v State of New York*, 82 AD3d 827, 827 [2011], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Jones v State of New York*, 124 AD3d 599, 600 [2015]). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses . . . deference is owed to the trial court's credibility determinations" (*Melville Capital, LLC v Gugick*, 144 AD3d 999, 1000 [2016] [internal quotation marks omitted]). Contrary to the defendants' contentions, we discern no basis to disturb the trial court's findings and determinations made against them, which rested largely on its assessment of the documentary evidence before it and the credibility of the witnesses.

The plaintiff's cross appeal from so much of the judgment as failed to award him attorneys' fees and expenses must be dismissed, because that request remains pending and undecided, and, therefore, is not properly before this Court (*see Katz v Katz*, 68 AD2d 536 [1979]). Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.