Ilya Kheyn, Appellant-Respondent, 
against
Svetlana Vitovska, Respondent-Appellant, et al., Tenants.




 Harvey A. Herbert, Esq., for appellant-respondent.
Wenig Saltiel, LLP (Jeffrey L. Saltiel, Esq.) for respondent-appellant.

Appeal and cross appeal from an order of the Civil Court of the City of New York, Kings County (Lisa S. Ottley, J.), entered May 13, 2015. The order, insofar as appealed from by landlord, denied his cross motion for the imposition of monetary sanctions upon tenant Svetlana Vitovska and for an award of reasonable attorney's fees. The order, insofar as cross-appealed from by tenant Svetlana Vitovska, stated that her motion to reduce the "settled" transcript to an appealable order had been referred to Supreme Court Justice Johnny Lee Baynes, who had denied her motion.




ORDERED that, on the court's own motion, the cross appeal is dismissed, as the motion by tenant Svetlana Vitovska remains pending and undecided (see Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914 [2017]); and it is further,
ORDERED that the order, insofar as appealed from by landlord, is affirmed, without costs.
In February 2009, landlord commenced a holdover proceeding against Svetlana Vitovska (tenant), among others. In May 2009, the parties, represented by counsel, entered into a so-ordered stipulation of settlement whereby tenant surrendered the premises to landlord who, in turn, waived all claims for rent, damages and legal fees. Landlord agreed to return tenant's $1,500 security deposit in three separate payments made by certified check, each in the sum of $500. The stipulation provided that should any of the three payments not be timely made, tenant [*2]could enter judgment against landlord in the sum of $5,000. After landlord defaulted, a judgment in the sum of $5,000 was entered against him in July 2009.
In May 2010, landlord was personally served with a "Subpoena for Taking a Deposition With Restraining Notice," pursuant to CPLR 5223. He did not appear on the date scheduled for deposition. Tenant then moved, by order to show cause, to hold landlord in civil contempt, pursuant to CPLR 5251, for his willful disobedience of the subpoena. On October 1, 2010, the Civil Court (Johnny Lee Baynes, J.) issued an order of contempt imposing a fine of $250, directing that a judgment be entered in tenant's favor in the amount of $5,817.45 (representing reasonable attorney's fees, costs and disbursements) and ordering the issuance of a warrant of arrest unless, within 10 days of the order, landlord tendered to tenant's counsel the total sum of $6,067.45 and indicated his willingness to comply with the subpoena. As landlord did not purge himself of the contempt, he was ultimately arrested, pursuant to the warrant. On November 24, 2010, he was brought before the Civil Court (Johnny Lee Baynes, J.) for a hearing, the transcript of which reflects that the court stated that it was reducing the contempt penalty and directed tenant's counsel to accept a total of $6,300 in satisfaction of both the outstanding $5,000 judgment in the underlying holdover proceeding and the $6,067.45 due pursuant to the October 1, 2010 contempt order. However, the court's decision was never reduced to an appealable paper (see CPLR 5512).
Thereafter, tenant made several unsuccessful motions for an order deeming settled the excerpt from the November 24, 2010 transcript which contained the court's oral decision. After tenant finally prevailed on a motion requesting such relief, she moved, in October 2014, for an order reducing the "previously settled transcript dated November 24, 2014 to an appealable Order." Landlord cross-moved, pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (a), to impose monetary sanctions upon tenant for filing a frivolous motion and to award him reasonable attorney's fees. 
In an order entered May 13, 2015, the Civil Court (Lisa S. Ottley, J.) stated: "On May 11, 2015 [tenant's] motion was respectfully referred to the Hon. Johnny Lee Baynes, Justice of the Supreme Court. [Tenant's] motion and [proposed] order attached for signature was denied by Justice Baynes. The [c]ross motion for reasonable attorney's fees [and] for sanctions is hereby denied by this court." Annexed to Judge Ottley's order was a copy of tenant's proposed order, which bore the following notation: "Denied. Five (5) years since that date of this decision encompassed in transcript. 5-11-15." The notation was signed by "Johnny L. Baynes Justice Supreme Court." We note that Justice Baynes became a Supreme Court Justice on January 1, 2012.
Landlord appeals from so much of Judge Ottley's May 13, 2015 order as denied his cross motion to impose monetary sanctions upon tenant and to award him reasonable attorney's fees. Tenant cross-appeals from so much of the same order as stated that her motion to reduce the "settled" transcript to an appealable order had been referred to Supreme Court Justice Johnny Lee Baynes, who had denied her motion. 
A judge's powers, with respect to actions pending before him or her, generally terminate upon the termination of his or her office by resignation, removal, expiration of his or her term, or otherwise (see Matter of Mayor of City of NY, 139 NY 140, 142 [1893]; People v Poole, 133 NYS2d 465 [Sullivan County Ct 1954]). With respect to proceedings in the Civil Court, Justice [*3]Baynes, as a Supreme Court Justice, was not authorized to decide tenant's motion (compare NY Const, art VI, § 26 [a]; Judiciary Law §§ 7-a, 147-a; CCA 1704 [a]). Consequently, his purported denial of tenant's motion is a nullity. 
However, a decision or determination by a Civil Court judge who is no longer in office may be given effect by any other judge of the Civil Court who is authorized to sign an appropriate order or judgment based thereon (see CPLR 9002; see also Lindt v Guggenheim Found., 24 AD2d 944 [1965]). Consequently, rather than referring tenant's motion to Supreme Court Justice Baynes, the Civil Court should have made its own determination with respect thereto. In view of the fact that the Civil Court failed to do so, and since Justice Baynes's purported order thereon is a nullity, tenant's motion remains pending and undecided and, therefore, the cross appeal is not properly before this court (see Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914). Accordingly, tenant's cross appeal is dismissed.
The Civil Court did, however, make its own determination in denying landlord's cross motion for the imposition of sanctions and an award of reasonable attorney's fees. Upon a review of the record, we are of the opinion that tenant's conduct did not rise to the level of "frivolous conduct" as defined by Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c). Therefore, the Civil Court did not improvidently exercise its discretion in denying landlord's cross motion. Accordingly, the order, insofar as appealed from by landlord, is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 23, 2018