HSBC Bank USA, N.A. v Macaulay (2020 NY Slip Op 05493)





HSBC Bank USA, N.A. v Macaulay


2020 NY Slip Op 05493


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-02781
2018-02786
 (Index No. 509009/14)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Michael Macaulay, et al., defendants, Silver Street, Inc., appellant.


Biolsi Law Group, P.C., New York, NY (Aveet Basnyat and Steven Alexander Biolsi of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Silver Street, Inc., appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 11, 2017, and (2) a judgment of foreclosure and sale of the same court dated December 18, 2017. The order, after a nonjury trial limited to the issue of the defense of statute of limitations, granted the plaintiff's motion for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon the order, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On June 9, 2006, the defendant Michael Macaulay executed a note in the amount of $390,080. The note was secured by a mortgage executed by both Macaulay and the defendant Harold O. Sobo encumbering real property in Brooklyn.
On April 9, 2008, the plaintiff commenced a foreclosure action against Macaulay and Sobo, among others, and elected to call due the entire amount secured by the mortgage. Between September 24, 2012, and February 19, 2014, during the pendency of the action, 14 partial payments were made on the mortgage. The action was voluntarily discontinued on or about April 26, 2014.
On October 1, 2014, the plaintiff commenced this mortgage foreclosure action against Macaulay and Sobo, among others. The plaintiff moved for an order of reference on default, and the Supreme Court granted the motion. Silver Street, Inc. (hereinafter Silver Street), then moved for leave to intervene as a defendant in the action, and the court granted the motion in light of Silver Street's purchase of the subject property prior to the commencement of this action. Silver Street interposed an answer and raised as an affirmative defense the statute of limitations, which had not previously been raised in the action. The plaintiff then moved for summary judgment on the complaint. The plaintiff contended that the action was not time-barred because the partial payments renewed the statute of limitations. The court denied the motion, finding that there were triable issues of fact with respect to the statute of limitations.
Thereafter, the Supreme Court conducted a nonjury trial limited to the issue of whether the statute of limitations was renewed by a clear and unequivocal acknowledgment of the debt. Patrick Pittman, an employee of the servicer for the mortgage, testified that between September 24, 2012, and February 19, 2014, 14 partial payments were made on the mortgage. The amounts of the payments ranged from $500 to $1000. Pittman further testified that there were numerous communications between the borrower and the loan servicer regarding partial payments and attempts to obtain a loan modification.
Macaulay testified that Sobo lived at the subject property and therefore he and Sobo had an agreement that Sobo would be responsible for making mortgage payments. Macaulay also testified that, between 2012 and 2014, Sobo made payments because he "[a]ctually owned the place" and "actually pays the mortgage so . . . [h]e's responsible." Sobo testified that he had lived at the subject property from 2006 to 2014 and when he made the partial payments he intended to ultimately repay the loan completely.
After the nonjury trial, the Supreme Court noted that there were inconsistencies in the parties' testimony, but found that "it's crystal clear to this court anyway as the finder of fact that the defendants, Macaulay and Sobo, agreed among themselves that defendant Sobo was the one to take care of the property financially . . . because he was the one who continued to live there." The court noted that Sobo admitted to making 14 partial payments, engaging in phone conversations with the loan servicer, and applying for a loan modification. The court found that there was "a clear and unequivocal reacknowledgment of the debt within the statutory period." By order dated October 11, 2017, the court granted the plaintiff's motion for a judgment of foreclosure and sale. By judgment of foreclosure and sale dated December 18, 2017, upon the order, the court directed the sale of the subject property. Silver Street appeals.
We agree with the Supreme Court's determination that the 14 partial payments on the mortgage that Sobo made over the course of approximately 17 months renewed the statute of limitations. Where, as here, it is undisputed that the action was commenced after the six-year statute of limitations had already expired, "[t]he plaintiff has the burden of establishing that the statute of limitations . . . is tolled, or that an exception to the statute of limitations applies" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670 [internal quotation marks omitted]). "In order to demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was 'accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder'" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892-893, quoting Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914, 915-916 [internal quotation marks omitted]). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses . . . deference is owed to the trial court's credibility determinations" (Melville Capital, LLC v Gugick, 144 AD3d 999, 1000 [internal quotation marks omitted]; see Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d at 916).
Here, the Supreme Court's determination that the partial payments amounted to an absolute and unqualified acknowledgment of more being due, from which a promise may be inferred to pay the remainder, and that Sobo made the payments pursuant to an agreement between himself and Macaulay that Sobo would be "the one to take care of the property financially," rested largely on the court's assessment of the documentary evidence before it and the credibility of the witnesses (cf. U.S. Bank N.A. v Martin, 144 AD3d 891; Big Chief Lewis v Stim, 99 AD2d 501; see generally Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914). Contrary to Silver Street's contentions, the court's findings and determinations were warranted by the facts. Accordingly, we affirm the judgment of foreclosure and sale.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court