Matter of Hersh (2021 NY Slip Op 05564)





Matter of Hersh


2021 NY Slip Op 05564


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-01182
2019-02036

[*1]In the Matter of George Hersh, deceased. Esther Rachel Hersh, appellant-respondent; Mark Hersh, et al., respondents-appellants, et al., respondents. (File No. 4035E/07)


T. Kevin Murtha & Associates, P.C., Westbury, NY (William Bird III of counsel), for appellant-respondent.
Gusrae Kaplan Nusbaum PLLC, New York, NY (Ryan J. Whalen of counsel), for respondents-appellants.



DECISION & ORDER
In a probate proceeding in which Esther Rachel Hersh, as executor of the estate of George Hersh, petitioned, inter alia, to disclose and recover certain assets alleged to be part of the decedent's estate, Esther Rachel Hersh appeals, and Mark Hersh, GM Canmar Residence Corp., 611 West 112th Street Realty Corp., Breman Capital Corp., 611 Colonial, Inc., and 229 West 109th Street Realty Corp. cross-appeal, from (1) an order of the Surrogate's Court, Queens County (David B. Saxe, Ref.), dated December 18, 2018, and (2) a decree of the same court (Peter J. Kelly, S.), dated January 10, 2019. The order, insofar as appealed from, after a nonjury trial, in effect, directed dismissal of the amended petition. The order, insofar as cross-appealed from, inter alia, (1), in effect, directed dismissal of the counterclaims of Mark Hersh, GM Canmar Residence Corp., 611 West 112th Street Realty Corp., Breman Capital Corp., 611 Colonial, Inc., and 229 West 109th Street Realty Corp., and (2) granted the petitioner's posttrial motion for leave to conform the pleadings to the evidence. The decree, after the nonjury trial, and upon the order dated December 18, 2018, insofar as appealed from, dismissed the amended petition. The decree, insofar as cross-appealed from, dismissed the counterclaims.
ORDERED that the appeal and cross appeal from the order are dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and leave to appeal has not been granted; and it is further,
ORDERED that the decree is modified, on the facts, by deleting the provision thereof dismissing the first cause of action in the amended petition, which sought declaratory relief; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Queens County, for the entry of an amended decree, inter alia, making the appropriate declaration.
George Hersh (hereinafter George) died on July 24, 2007. His widow, the petitioner, Esther Rachel Hersh, as executor of his estate (hereinafter the estate), commenced this proceeding, inter alia, to disclose and recover certain assets which allegedly belonged to the estate (hereinafter [*2]the discovery proceeding). The discovery proceeding was commenced against, among others, their son, Mark Hersh (hereinafter Mark), GM Canmar Residence Corp. (hereinafter GM Canmar), and certain other corporate entities: 611 West 112th Street Realty Corp. (hereinafter 611 West), 611 Colonial, Inc. (hereinafter 611 Colonial), Breman Capital Corp., and 229 West 109th Street Realty Corp. (hereinafter 229 West; hereinafter collectively the respondent entities; hereinafter together with Mark, the respondents). At the time of George's death, the respondent entities were co-owned by George and Mark in connection with the family's real estate business. In addition to seeking the return of certain property allegedly belonging to the estate, the amended petition also sought, inter alia, ownership interests in the respondent entities based on allegations that Mark had perpetrated a fraud against the estate and mismanaged the respondent entities.
The discovery proceeding is the subject of a related appeal (Matter of Hersh v Hersh, ___ AD3d ___ [Appellate Division Docket No. 2018-00059; decided herewith]), which involves the determination of pretrial motions for summary judgment, after which the matter was referred for trial before the Honorable David B. Saxe, to report on the matter as a referee (hereinafter the Referee).
During the 29-day trial, the respondents moved for a missing witness charge due to the absence of the petitioner's brother, Rafael Fintsi. In 2004, in the Supreme Court, New York County, Fintsi commenced a proceeding against George and Mark for the dissolution of GM Canmar, 611 Colonial, and 611 West. A stipulation of settlement dated April 28, 2004, executed by Fintsi, George, and Mark (hereinafter the Fintsi stipulation) resolved that proceeding and reflected that Fintsi had agreed to transfer to George and Mark a 25% ownership interest in GM Canmar; a 20% ownership interest in 611 West and 611 Colonial; and a 15% ownership interest in 229 West (hereinafter the Fintsi shares). The Referee determined that an adverse inference would be applied against the petitioner due to Fintsi's failure to appear at trial.
At the close of evidence of the petitioner's case-in-chief, and upon consent of the parties, the Surrogate's Court appointed the Referee to hear and determine the matter. Thereafter, the petitioner moved posttrial to conform the pleadings to the proof to assert a claim that the estate owned 80% of the shares of 611 West.
In an order dated December 18, 2018, the Referee granted the petitioner's posttrial motion to conform the pleadings. However, the Referee then determined that the petitioner failed to prove by a preponderance of the evidence all four causes of action set forth in the amended petition, namely: (1) the first cause of action, seeking a declaration regarding ownership of disputed shares in GM Canmar, 229 West, and 611 West; (2) the second cause of action, which sounded in fraud and included allegations of forgery and concealment and for a constructive trust; (3) the third cause of action, which was to recover damages for breach of contract; and (4) the fourth cause of action, which alleged breach of fiduciary duty. The Referee also determined that the respondents failed to prove their first counterclaim to recover damages for breach of contract and their related second counterclaim for unjust enrichment by a preponderance of the evidence. By decree dated January 10, 2019, the Surrogate's Court, upon the order, dismissed the amended petition and the counterclaims. The petitioner appeals, and the respondents cross-appeal.
CPLR 3025(c) states that "[t]he court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just." "Applications to amend pleadings are within the sound discretion of the court, and that of the Appellate Division" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; see Coleman v Worster, 140 AD3d 1002, 1003). "Leave to conform a pleading to the proof pursuant to CPLR 3025(c) should be freely granted absent prejudice or surprise resulting from the delay" (Alomia v New York City Tr. Auth., 292 AD2d 403, 406; see Hine v Jafa Transp., Inc., 97 AD3d 794, 795; Rodriguez v Panjo, 81 AD3d 805, 806).
Here, the Surrogate's Court providently exercised its discretion in granting the petitioner's posttrial motion to conform the pleadings to the evidence to assert a claim for ownership of 80% of 611 West, as the respondents cannot credibly claim prejudice or surprise when their counsel defended against the estate's claimed ownership in 611 West during trial (see Kimso Apts., LLC v Gandhi, 24 NY3d at 411; Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1084).
Pursuant to CPLR 213(8) and 203(g), an action sounding in fraud must be commenced within six years of the commission of the fraud, or within two years after the fraud was or should have been discovered through the exercise of reasonable diligence (see Kotlyarsky v Abrazi, 188 AD3d 853, 854; Odierna v RSK, LLC, 171 AD3d 769, 771). "New York law does not provide a single statute of limitations for breach of fiduciary duty claims" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139). Generally, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks. Where the relief sought is equitable in nature, the statute of limitations is six years, and where the relief sought is purely monetary, the statute of limitations is generally three years (see CPLR 213[1], 214[4]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139; Loeuis v Grushin, 126 AD3d 761, 764; Scott v Fields, 85 AD3d 756, 759; Monaghan v Ford Motor Co., 71 AD3d 848, 849-850). In addition, regardless of the relief sought, "where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139; see McDonnell v Bradley, 109 AD3d 592, 594). "A breach of contract cause of action accrues at the time of the breach, even though the injured party may not know of the existence of the wrong or injury" (Sternberg v Continuum Health Partners, Inc., 186 AD3d 1554, 1557; see Ely-Cruikshank Co.v Bank of Montreal, 81 NY2d 399, 402). The applicable statute of limitations for breach of contract is six years (see CPLR 213[2]).
The petitioner's related fraud, breach of contract, and breach of fiduciary duty causes of action, all of which arose from the same allegedly fraudulent transaction, were time-barred. The three related causes of action began to accrue on April 28, 2004, when Mark executed the Fintsi stipulation and repudiated his fiduciary duty to George by allegedly forging George's name and taking the Fintsi shares as his own. Given the date of the Fintsi stipulation, the three related causes of action should have been interposed on or before April 28, 2010, six years from the time of the fraud. However, the petition in the discovery proceeding was not filed until November 18, 2010.
The petitioner also failed to timely file the petition within two years from the time that she could have reasonably discovered the alleged fraud with reasonable diligence. The evidence demonstrated that Mark frequently discussed the Fintsi litigation with George and the petitioner in 2003 and 2004, including its resolution as memorialized in the Fintsi stipulation; that George was personally served with the petition in the Fintsi litigation and signed a retainer agreement for counsel; that the Fintsi stipulation permitted Fintsi to rent a room at the property owned by 229 West for the nominal rate of $1 per year through September 2006, which sum George was in charge of collecting; and that the petitioner recalled discussing resolving the Fintsi litigation with both George and Mark in 2003 and 2004. This evidence, along with the financial records and tax returns for GM Canmar and 229 West, the testimony of the respective accountants for the petitioner, George, GM Canmar, and 229 West, and the testimony of the estate's own expert accountant, demonstrated that the petitioner and George were aware, or should have been aware, of Mark's alleged forgery on the Fintsi stipulation in 2004, such that the two-year limitations period from discovery with reasonable diligence had expired before the petition was filed on November 18, 2010 (see CPLR 213[8]). Based upon this evidence, the Surrogate's Court properly held that the discovery provision in CPLR 213(8) could not save the petitioner's fraud cause of action, or the related breach of fiduciary duty and breach of contract causes of action, all of which were time-barred.
Further, the petitioner's contention that the Surrogate's Court erred by disregarding the law of the case in holding these three causes of action to be time-barred is without merit. The law of the case doctrine was inapplicable, because the subject pretrial orders, which were analyzed under different review standards and based upon a substantially more limited record, did not require the Surrogate's Court to disregard the extremely voluminous record developed at trial (see e.g. Borawski v Abulafia, 140 AD3d 817, 818; Bernard v Grenci, 48 AD3d 722, 724).
Moreover, the petitioner failed to prove all elements of the causes of action set forth in the amended petition by clear and convincing evidence at trial. "In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (DePaula v State of New York, 82 AD3d 827, 827, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 723-724; [*3]Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914, 915-916). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, . . . deference is owed to the trial court's credibility determinations" (Melville Capital, LLC v Gugick, 144 AD3d 999, 1000 [internal quotation marks omitted]; see HSBC Bank USA, N.A.v Macaulay, 187 AD3d at 723-724).
"[T]he elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898; see Waknin v Liberty Ins. Corp., 187 AD3d 821, 823-824; Brooklyn Historic Ry. Assn. v City of New York, 126 AD3d 837, 840). "To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of
material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (Bernardi v Spyratos, 79 AD3d 684, 687; see Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d 808, 812; Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778).
The Surrogate's Court correctly determined that the petitioner could not establish, among other things, a false statement by Mark and reliance thereon by the petitioner or George, which are at the heart of the causes of action sounding in fraud/fraudulent concealment (see Waknin v Liberty Ins. Corp., 187 AD3d at 823-824; Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d at 812). The petitioner testified that she was unaware of Mark ever concealing facts from her regarding the Fintsi stipulation, or ever making any other fraudulent statements or omissions. This testimony undermines the fraud causes of action and the critical element of a fraudulent representation or omission (see Waknin v Liberty Ins. Corp., 187 AD3d at 823-824; Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d at 812). Additionally, the court properly determined that the petitioner failed to demonstrate by clear and convincing evidence that the petitioner or George had relied upon the allegedly forged Fintsi stipulation, so that the element of reliance was not established. Viewed together, the petitioner's failure to demonstrate that Mark's alleged forgery of the Fintsi stipulation was made with the intent to induce reliance thereon by the petitioner or George, and that they justifiably relied on the alleged forgery, undermined the fraud causes of action (see Ferdico v Zweig, 82 AD3d 1151, 1154).
The Surrogate's Court also correctly determined that the petitioner failed to establish that Mark's alleged forgery of the Fintsi stipulation had the requisite element of scienter (see Waknin v Liberty Ins. Corp., 187 AD3d at 823-824; Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d at 812). The court found credible Mark's testimony that he had discussed the resolution of the Fintsi litigation with the petitioner and George, and the petitioner corroborated Mark's testimony.
The Surrogate's Court also correctly determined that the petitioner failed to establish by clear and convincing evidence that she sustained damages as a result of the alleged fraud. Damages for a cause of action sounding in fraud are limited to "the actual pecuniary loss sustained as the direct result of the wrong or what is known as the out-of-pocket rule" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [internal quotation marks omitted]; see McSpedon v Levine, 158 AD3d 618, 620). The petitioner failed to present any evidence at trial that George or the estate incurred out-of-pocket damages.
The petitioner's attempt to assert a new legal theory for the first time on appeal, i.e., that the alleged false statements were actually certain purportedly fraudulent entries on corporate tax returns and records for GM Canmar and 229 West, is not properly before this Court (see Maciaszek v Sloninski, 105 AD3d 1012, 1013; Walker v George, 97 AD3d 741, 741).
With respect to the cause of action for declaratory relief, the Surrogate's Court properly determined, based upon the evidence before it at trial, including sworn statements from Fintsi, that Mark, and not the petitioner or George, owned 80% of 611 West. This determination [*4]rested largely on the court's assessment of the documentary evidence before it and the credibility of the witnesses, which will not be disturbed by this Court (see HSBC Bank USA, N.A. v Macaulay, 187 AD3d at 724; Melville Capital, LLC v Gugick, 144 AD3d at 1000).
With respect to the respondents' counterclaims for breach of contract and unjust enrichment, the Surrogate's Court properly determined that they were barred by the statute of frauds. In their counterclaims, the respondents alleged that Mark transferred interests in Elmar Realty, LLC (hereinafter Elmar), and JGM Realty, LLC (hereinafter JGM), to the petitioner and George, but did not receive compensation therefor. It is undisputed, however, that the sole assets of Elmar and JGM were real property, and that Mark did not produce at trial any written contract documenting the alleged agreement to sell such interests to George or the petitioner. Where, as here, a purported transaction involves the sale of stock in two corporate entities whose sole assets are interests in real property, the statute of frauds applies and renders any alleged oral agreement to convey such interests unenforceable (see General Obligations Law § 5-703[2]; see also Yenom Corp. v 155 Wooster St., Inc., 33 AD3d 67, 70-71; Bergman v Krausz, 19 AD3d 186, 187). Given that the court was not presented with any written agreement documenting the alleged transfer by Mark of his interests in Elmar and JGM, it properly found that the respondents failed to establish their counterclaim to recover damages for breach of contract (see General Obligations Law § 5-703[2]).
Similarly, the Surrogate's Court correctly determined that the respondents failed to establish at trial the related counterclaim to recover damages for unjust enrichment. "A plaintiff may not assert a cause of action sounding in unjust enrichment . . . to circumvent the statute of frauds" (Bent v St. John's Univ., N.Y.,189 AD3d 973, 976; see Matter of Zelouf, 183 AD3d 900, 902; Strauss v Fleet Mtge. Corp., 282 AD2d 736, 737). Since the counterclaim to recover damages for unjust enrichment sounded in the very same allegations as the breach of contract counterclaim, the unjust enrichment counterclaim was properly dismissed.
The parties' remaining contentions either are without merit or, in light of our determination, need not be reached.
Since this is, in part, a proceeding for declaratory relief, we remit the matter to the Surrogate's Court, Queens County, for the entry of an amended decree, inter alia, making the appropriate declaration (see Lanza v Wagner, 11 NY2d 317, 334).
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court