Miller v Stillwell Rd., Inc. (2022 NY Slip Op 02261)

Miller v Stillwell Rd., Inc.

2022 NY Slip Op 02261

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2017-11631
2019-01566
 (Index No. 10312/13)

[*1]Rachel Miller, plaintiff-respondent,
v
Stillwell Road, Inc., defendant-respondent, Joan Hansen, appellant.

Paula A. Miller, P.C., Smithtown, NY, for appellant.
Markotsis & Lieberman, P.C., Hicksville, NY (Douglas M. Lieberman of counsel), for plaintiff-respondent.
Gilbert L. Balanoff, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for defendant-respondent.
In an action, inter alia, to foreclose a mortgage, the defendant Joan Hansen appeals from (1) a judgment of the Supreme Court, Nassau County (George R. Peck, J.), entered September 19, 2017, and (2) a judgment of foreclosure and sale of the same court (Julianne T. Capetola, J.), entered December 19, 2018. The judgment entered September 19, 2017, upon a decision of the same court dated June 15, 2017, made after a nonjury trial, declared that the plaintiff has a valid first mortgage lien against the subject property and that a loan of $300,000 made by the defendant Joan Hansen to the defendant Stillwell Road, Inc., is subordinate to the plaintiff's mortgage lien, and dismissed the first and third counterclaims and the cross claims of the defendant Joan Hansen. The judgment of foreclosure and sale entered December 19, 2018, upon an order of the same court (James P. McCormack, J.) entered September 29, 2016, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Stillwell Road, Inc., among other things, directed the sale of the subject property.
By order to show cause dated March 24, 2021, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the judgment entered September 19, 2017, on the ground that the judgment entered September 19, 2017, was superseded by the judgment of foreclosure and sale entered December 19, 2018. By decision and order on motion of this Court dated August 4, 2021, the motion to dismiss the appeal from the judgment entered September 19, 2017, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

DECISION & ORDER
Now, upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the judgment entered September 19, 2017, is granted; and it is further,
ORDERED that the appeal from the judgment entered September 19, 2017, is dismissed, as that judgment was superseded by the judgment of foreclosure and sale entered December 19, 2018; and it is further,
ORDERED that the judgment of foreclosure and sale entered December 19, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the defendant Stillwell Road, Inc.
On July 9, 2008, the defendant Stillwell Road, Inc. (hereinafter SRI), the sole shareholder of which is the plaintiff's husband, Matthew Miller (hereinafter Miller), obtained a loan from the defendant Joan Hansen, in the amount of $300,000 (hereinafter the Hansen loan). To that end, SRI and Hansen entered into an agreement (hereinafter the Hansen agreement), SRI executed and delivered to Hansen a promissory note in the principal amount of $300,000, and, simultaneously, Hansen obtained a security agreement from SRI (hereinafter the Hansen security agreement) (hereinafter collectively the Hansen loan documents). Under the terms of the Hansen loan documents, SRI was required to acquire certain real property in Laurel Hollow (hereinafter the premises), and construct a one-family residential dwelling to be listed for sale upon completion of construction (hereinafter the project). The Hansen agreement, inter alia, provided for repayment of the Hansen loan upon the sale of the completed premises, as well as 25% of the net profit of the sale. Any sale or transfer of the premises required Hansen's consent. The Hansen security agreement allowed for the filing of a financing statement, and Hansen filed a UCC-1 financing statement on April 18, 2017.
The Hansen agreement permitted SRI to mortgage or otherwise encumber the premises. In September 2008, SRI obtained additional financing from Hudson Valley Bank for the project—to wit, an acquisition loan in the amount of $400,500, and a construction loan in the amount of $1,226,000 (hereinafter together the HVB loan). In connection with said indebtedness, SRI executed an acquisition loan mortgage note and a construction loan mortgage note, the payment of which was secured by an acquisition loan mortgage and security agreement and a construction loan mortgage and security agreement (hereinafter the HVB mortgages). The maturity date for the HVB mortgages was April 1, 2010, but following the completion of construction of the dwelling on the premises in or about June 2009, Hudson Valley Bank agreed to extend the maturity of the HVB loan to October 1, 2010.
In light of the approaching maturity date on the HVB loan and SRI's inability to locate a buyer, Miller proposed to Hansen, inter alia, that the HVB mortgages be assigned to an entity owned by Miller and/or the plaintiff under the same terms and conditions as those governing the HVB loan in order to prevent a foreclosure. Hansen, who was represented by counsel, consented to the assignment. SRI ultimately, however, obtained a loan from the plaintiff in September 2010 (hereinafter the plaintiff's loan), and used the proceeds to satisfy the HVB loan. The funds used to satisfy the HVB loan belonged to both the plaintiff and Miller. In connection with the plaintiff's loan, SRI executed a new acquisition loan mortgage note in the amount of $400,500 and a new construction loan mortgage note in the amount of $1,234,222.86, which were secured by an "acquisition/construction loan mortgage and security agreement" in the amount of $1,634,722.86 (hereinafter the plaintiff's mortgage). The maturity date of the plaintiff's loan, which was governed by terms and conditions that mirrored those of the HVB loan, was April 1, 2012.
On July 27, 2012, Hansen requested information about the satisfaction of the HVB loan and Miller sent her copies of the plaintiff's loan documents, among other things, on August 27, 2012. Hansen did not raise any concerns about the plaintiff's loan upon receiving the documentation. The plaintiff's mortgage was recorded on April 22, 2013.
In a letter dated May 1, 2013, SRI's counsel advised Hansen that SRI had received an offer to purchase the premises, but that the proceeds of the sale would be insufficient to satisfy the Hansen loan and the plaintiff's loan. SRI offered Hansen $20,000 in return for a general release, [*2]but Hansen declined to consent to the sale.
On or around June 4, 2013, the plaintiff notified SRI that it was in default. Then, on or about August 9, 2013, the plaintiff commenced this action to foreclose her mortgage. Hansen interposed a verified answer with affirmative defenses and counterclaims alleging fraud, tortious interference with contract, and seeking a judgment declaring that her loan is in first priority position. Hansen's answer also included cross claims for fraud, breach of contract, a declaratory judgment, and attorneys' fees.
The plaintiff moved, inter alia, for summary judgment on the complaint and dismissing Hansen's affirmative defenses and counterclaims. SRI submitted papers in opposition to the plaintiff's motion, but acknowledged that it had no viable defense to the action for foreclosure. Hansen opposed the plaintiff's motion and cross-moved, in effect, for summary judgment on the declaratory judgment counterclaim. The plaintiff and SRI opposed Hansen's cross motion. In an order entered September 29, 2016 (hereinafter the September 2016 order), the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against SRI and dismissing Hansen's second counterclaim and her second, fifth, sixth, and seventh affirmative defenses, and otherwise denied the plaintiff's motion. The court also denied Hansen's cross motion.
A nonjury trial was conducted in April 2017. During the plaintiff's testimony, Hansen's counsel made an application pursuant to CPLR 3025(b) for leave to amend Hansen's verified answer so as to assert, inter alia, a counterclaim to set aside the plaintiff's mortgage, alleging that it is invalid as a fraudulent conveyance under the Debtor and Creditor Law. The plaintiff and SRI opposed the application, arguing surprise and prejudice. The Supreme Court denied Hansen's application.
In its decision after trial dated June 15, 2017, the Supreme Court concluded that the issue of the validity of the mortgage had already been decided in the September 2016 order and determined that the plaintiff's mortgage has priority over the Hansen loan. In a judgment entered September 19, 2017, upon its decision after trial, the court declared that the plaintiff has a valid first mortgage lien against the subject property and that the Hansen loan is subordinate to the plaintiff's mortgage lien, and dismissed Hansen's first and third counterclaims and her cross claims. A judgment of foreclosure and sale, inter alia, directing the sale of the subject property, was entered December 19, 2018. Hansen appeals.
"The New York Recording Act (Real Property Law § 290 et seq.) protects a good faith purchaser [or encumbrancer] for value from a prior unrecorded interest in real property provided, inter alia, that the subsequent purchaser's [or encumbrancer's] interest is the first to be duly recorded" (Wachovia Bank, NA v Swenton, 133 AD3d 846, 847 [internal quotation marks omitted]). "The recording of a transaction involving real property provides potential subsequent purchasers [and encumbrancers] with notice of previous conveyances and encumbrances that might affect their interests" (Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797, 799 [internal quotation marks omitted]). An encumbrancer is not protected if it fails to make an inquiry "where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" (2386 Hempstead, Inc. v 182 St., Inc., 184 AD3d 783, 785 [internal quotation marks omitted]; see Gregg v M & T Bank Corp., 160 AD3d 936, 940).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (HSBC Bank USA, NA v Macaulay, 187 AD3d 721, 723 [internal quotation marks omitted]; see Jeffers v Stein, 152 AD3d 754, 754; Anderson v Mastrangelo, 18 AD3d 677, 677). "[W]here the [trial] court's findings of fact rest in large measure on considerations relating to the credibility of witnesses[,] deference is owed to the trial court's credibility determinations" (HSBC Bank USA, NA v Macaulay, 187 AD3d at 723-724 [alterations and internal quotation marks omitted]). Here, the Supreme Court's determinations that the plaintiff has a valid [*3]first mortgage lien against the subject property and that the Hansen loan is subordinate to the plaintiff's mortgage lien, which are based, in part, upon credibility determinations, are supported by the record and warranted by the facts, and we decline to disturb those determinations (see HSBC Bank USA, NA v Macaulay, 187 AD3d at 724; Jeffers v Stein, 152 AD3d at 754; Anderson v Mastrangelo, 18 AD3d at 677).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, we affirm the judgment of foreclosure and sale.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court