Mark v Trimarco (2026 NY Slip Op 00498)

Mark v Trimarco

2026 NY Slip Op 00498

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-06326
 (Index No. 604170/17)

[*1]Kenneth Mark, appellant, 
vJoseph Trimarco, respondent.

Charles A. Singer, Great Neck, NY (Lawrence I. Singer of counsel), for appellant.
Scheyer & Stern, LLC, Nesconset, NY (Fredrick P. Stern of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Joseph Farneti, J.), entered March 1, 2023. The judgment, upon a decision of the same court dated November 23, 2022, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In August 2007, the defendant executed a promissory note in which he promised to pay the plaintiff the sum of $75,000 by December 31, 2008. In March 2017, the plaintiff commenced this action, inter alia, to recover the outstanding principal balance of $72,500 due on the note. The defendant interposed an answer in which he asserted, as an affirmative defense, among others, that the action was barred by the statute of limitations.
At a nonjury trial, the plaintiff introduced into evidence an email sent by the defendant to the plaintiff in June 2013 and two checks that the plaintiff testified were partial payments made by the defendant to the plaintiff after the limitations period had ended. The email sent by the defendant included his full name, the name of his business, and the business's web address. The defendant testified that he did not sign the email and that his name and other information were included in the email automatically. He further testified that he made the two payments to the plaintiff to cover dermatological services for which the defendant was never billed and because the plaintiff was experiencing financial difficulties. The two checks did not include a notation or cover letter stating that they were to be used to pay the debt owed on the note. At the close of evidence, the plaintiff argued that the email and the partial payments served to extend and revive the statute of limitations.
In a decision dated November 23, 2022, the Supreme Court concluded that the complaint was barred by the six-year statute of limitations. The court entered a judgment on March 1, 2023, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
"In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, [*2]taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses" (CANBE Props., LLC v Curatola, 227 AD3d 654, 656). "'[W]here the [trial] court's findings of fact rest in large measure on considerations relating to the credibility of witnesses[,] . . . deference is owed to the trial court's credibility determinations'" (Miller v Stillwell Rd., Inc., 204 AD3d 662, 666, quoting HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 723-724; see Matter of Kassab v Kasab, 195 AD3d 832, 836).
The applicable statute of limitations to commence an action to recover on a promissory note is six years (see CPLR 213[2]). "General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 733 [internal quotation marks omitted]; see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947). "To constitute an acknowledgment of a debt, a writing must recognize [the] existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Matter of Hollis, 180 AD3d 680, 682 [internal quotation marks omitted]; see Pugni v Giannini, 163 AD3d 1018, 1019-1020).
Pursuant to State Technology Law § 302(3), an electronic signature is "an electronic sound, symbol, or process, attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the record" (see Matter of Battat v Rejwan, 232 AD3d 889, 891). "'An e-mail sent by a party, under which the sending party's name is typed, can constitute a [signed] writing for [the] purposes of the statute of frauds'" (Agosta v Fast Sys. Corp., 136 AD3d 694, 695, quoting Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC, 80 AD3d 476, 477; see Forcelli v Gelco Corp., 109 AD3d 244, 251).
Here, while the June 2013 email included the defendant's full name, the name of his business, and the business's web address, the defendant testified that he "didn't sign" the email and that the closing was an "automatic" message that "comes up" on his computer. Accordingly, the evidence adduced at trial demonstrated that the defendant did not intend to sign the email, and thus, the email did not serve to revive the statute of limitations (see State Technology Law § 302[3]; Forcelli v Gelco Corp., 109 AD3d at 251).
"There is a 'long-standing common law rule' that partial payment of a debt, if made under 'circumstances from which a promise to honor the obligation may be inferred,' will operate to start the statute of limitations running anew from the time the partial payment is made" (Costello v Curan & Ahlers, LLP, 224 AD3d 734, 736, quoting Roth v Michelson, 55 NY2d 278, 281). "'To show that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder'" (Matter of Borgia v SCO Family of Servs., 236 AD3d 1020, 1022 [internal quotation marks omitted], quoting Costello v Curan & Ahlers, LLP, 224 AD3d at 736; see RTT Holdings, LLC v Nacht, 206 AD3d 834, 836).
Here, the two checks did not contain a memo, notation, or cover letter indicating that the defendant intended for them to constitute partial payments under the note. Moreover, the defendant testified that he sent the plaintiff the checks to help the plaintiff financially and to reimburse the plaintiff for dermatology services rendered. Thus, the checks were not accompanied by circumstances amounting to an absolute and unqualified acknowledgment of the sum due under the note from which a promise to pay the remainder may be inferred. Accordingly, the Supreme Court properly determined that the evidence submitted by the plaintiff failed to meet this standard (see RTT Holdings, LLC v Nacht, 206 AD3d at 836; Sudit v Eliav, 181 AD3d 955, 957).
Moreover, the plaintiff failed to establish that the defendant should be equitably estopped from invoking the statute of limitations as an affirmative defense (see Carpenito v Linksman, 197 AD3d 553, 554; Clark v Ravikumar, 90 AD3d 971, 972).
Accordingly, the Supreme Court properly entered the judgment in favor of the defendant and against the plaintiff dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court